UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| DENNIS C. WILLIAMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:04-CV-162 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| UNUMPROVIDENT CORP.; | ) | |
| UNUM LIFE INSURANCE COMPANY; | ) | |
| HOUSEHOLD INTERNATIONAL, INC. | ) | |
| EMPLOYEE WELFARE BENEFIT PLAN; | ) | |
| HOUSEHOLD INTERNATIONAL, INC.; | ) | |
| GENEX SERVICES, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| ----------------------------------------------------------- | | |
| ROBERT J. LAMARCA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:04-CV-163 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| UNUMPROVIDENT CORP.; | ) | |
| FIRST UNUM LIFE INSURANCE CO.; | ) | |
| JP MORGAN BANK EMPLOYEE | ) | |
| WELFARE BENEFIT PLAN; | ) | |
| JP MORGAN CHASE BANK; | ) | |
| GENEX SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **M E M O R A N D U M**

Before the Court now is an issue arising with increasing frequency in this Court, that is, to what extent may plaintiffs seeking to recover benefits allegedly due them under employee benefit plans issued under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA") obtain discovery outside of the administrate record. The issue is presented to this Court

on objection from the ruling of a magistrate judge allowing such discovery in these two cases. Because United States Magistrate Judge William B. Mitchell Carter's well-reasoned opinion correctly decided the issue, the Court will not disturb his ruling. Accordingly, the Court will **DENY** Unum Defendants' Appeal From and Objection to the Magistrate's Order Granting Plaintiff's Motion to Compel.

Plaintiff Dennis C. Williamson ("Plaintiff") brings this action pursuant to ERISA, 29 U.C.S. § 1132(a)(1), seeking review of the denial of benefits through an Employee Welfare Benefit plan, under the terms of which Plaintiff is a defined beneficiary or, in the alternative, 29 U.S.C. § 1132(a)(3), to seek relief for the breaches of fiduciary duties owed to Plaintiff. Plaintiff sought limited discovery of certain information pertaining to UnumProvident Corporation's and Unum Life Insurance Company's (collectively "Unum Defendants") conflict of interest and bias in the administration of Plaintiff's claims for benefits.

The Court notes that the discovery issues raised in this case are identical to those raised by *Robert J. LaMarca v. UnumProvident Corp. et.al*, No. 1:04-CV-163. LaMarca brings his action pursuant to ERISA, 29 U.C.S. § 1132(a)(1), seeking review of the denial of long term disability benefits under a policy issued and funded by Unum Life Insurance Co. and administered by Unum Life Insurance Co.'s parent company, UnumProvident Corporation. LaMarca sought limited discovery of certain information pertaining to Unum Defendants' conflict of interest and bias in the administration of his claims for benefits.

To receive more complete responses from Unum Defendants, plaintiffs Williamson and LaMarca each filed a Motion to Compel. Following the submission of numerous documents with the court and a hearing regarding the motion, Magistrate Judge Carter entered a narrowly tailored

2

order requiring Unum Defendants to respond to the Plaintiff's discovery request (Court File No. 37).[1] In both cases, Unum Defendants now ask this Court to review Judge Carter's decision in filing their Appeal From and Objection to the Magistrate's Order Granting Plaintiff's Motion to Compel.

Although these cases have slightly different facts, the Court chose to consolidate the cases because they present the same issue of law: whether or not this Court should allow discovery outside the administrative record. As stated above, Magistrate Judge Carter's decision was well written and thorough. The Court detects no error in the recitation of the facts nor any error in application of the law.

I. **RELEVANT FACTS**

Pursuant to 29 U.S.C. § 1132(a)(1), Plaintiff seeks review of the denial of benefits through an Employee Welfare Benefit Plan, under the terms of which the plaintiff is a defined beneficiary. In the alternative, pursuant to 29 U.S.C. § 1132(a)(3), Plaintiff seeks relief for breaches of fiduciary duties owed to Plaintiff. Unum Defendants assert they did not improperly deny his claim.

During prehearing proceedings, Plaintiff submitted interrogatories for Defendants to answer and requests for production of documents. Plaintiff then filed the motion to compel against Unum Defendants.[2] After a hearing and additional briefing, Magistrate Judge Carter issued an Order

---

[1] In the LaMarca case, Judge Carter's order is located in Court File No. 34.

[2] Plaintiff filed the motion to compel Unum Defendants to respond fully and without boilerplate objections to Interrogatory 4 (to UnumProvident Corporation) and Interrogatory 6 (to Unum Life Insurance Company of America), and Requests For Production 8, 9, 10, and 12 (to UnumProvident Corporation) seeking information relating to the individual employees rate of pay and bonus criteria as to each employee who participated in the adjudication and/or administration

3

granting Plaintiff's motion in the following manner:

> As to each employee or consultant of the Unum Defendants who participated in the evaluation of Mr. Williamson's claim, state whether that individual was eligible for any type of compensatory bonus during the time Mr. Williamson's evaluation was conducted. State the nature of the bonus, the criteria for the bonus, whether the individual received the bonus, and why the individual received or did not receive the bonus. As to each of these individuals, provide all documents which evince the criteria established to obtain the bonus (assuming the individual was eligible for one) and any documents evaluating the individual's performance and having a bearing on the individual obtaining or not obtaining the bonus.

(Court File No. 37). Unum Defendants contend Judge Carter erred in granting the Plaintiff's motion and request the Court reverse the Order.

## II.   STANDARD OF REVIEW

A district court may refer a nondispositive motion to a magistrate judge for disposition. Fed. R. Civ. P. 72(a). A party dissatisfied with the magistrate judge's ruling may object to it within ten days of being served with a copy of the order. *Id.* "The district court judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id. Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466 (1985)(holding that Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters).

## III.   DISCUSSION

After considering Unum Defendants' objections, the relevant law, and the Order issued by

---

of the Plaintiff's claims. The plaintiff was unsatisfied with the Defendants' response because it did not include a full response providing the individual performance criteria for each employee.

4

Judge Carter, the Court will not modify or set aside any portion of the Order, which granted Plaintiff's motion, because Judge Carter's decision is neither clearly erroneous nor contrary to law. To the contrary, it correctly applies the law.

Plaintiff's motion to compel raised the same issues which Magistrate Judge Carter addressed at length in *Bennett v. Unum Life Ins. Co. of America*, 321 F.Supp.2d 925 (E.D. Tenn 2004). As did the plaintiff in *Bennett*, the plaintiff in this case alleges at the time Unum Defendants reviewed and denied his claim, Unum Defendants' decisions to deny or grant benefit claims were influenced on a corporate-wide basis by specific policies and procedures designed to protect profits. To support his motion, Plaintiff submitted evidence - the same evidence offered by the plaintiff in *Bennett* and which Judge Carter found sufficient to allow the plaintiff to conduct limited discovery. As such, Judge Carter properly granted Plaintiff's motion.

    **A.**    **Discovery in ERISA Cases to Recover Benefits Under 29 U.S.C. § 1132(a)(1)**

Although Fed. R. Civ. P. 26(b)(1) allows "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party," this rule is not particularly useful for determining whether a plaintiff who asserts a claim to recover ERISA benefits under 29 U.S.C. § 1132(a)(1) may conduct discovery outside the administrative record. This stems from the "proper judicial role in ERISA cases and precedent"(*Perry v. Simplicity Eng'g*, 900 F.2d 963, 966 (6th Cir. 1990) (discussing nature of *de novo* review for claims to recover benefits under 29 U.S.C. § 1132(a)(1)(B))) : when a claimant asks a district court to review an ERISA benefit plan administrator's decision to deny benefits, the court is generally limited to considering the administrative record on which the denial of benefits was based. *See also Killian v. Healthsource Provident Administrators, Inc.*, 152 F.3d 514, 522 (6th Cir. 1998) ("There can be no dispute that in

5

this circuit, in an ERISA claim contesting a denial of benefits, the district court is strictly limited to a consideration of the information actually considered by the administrator.") (citing *Perry*); *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998). Generally, no discovery is necessary when a plaintiff seeks to recover ERISA benefits because the relevant facts for the administrator's decision are contained in the particular administrative record.

Where a plaintiff alleges a procedural challenge to the administrator's decision, however, a district court is permitted to consider evidence which was not originally presented to the administrator. *See, e.g., Vanderklok v. Provident Life & Accident Ins. Co.*, 956 F.2d 610, 617 (6th Cir. 1992) (remanding to district court to consider new evidence and review denial of benefits where administrator failed to comply with ERISA procedural requirement in 29 U.S.C. § 1133). In this context, the term "procedural challenge" has been used to refer to an alleged lack of due process afforded by, or an alleged bias on the part of, an ERISA plan administrator. *Wilkins*, 150 F.3d at 618, 619. In suggested guidelines for adjudicating ERISA actions like this one, the United States Court of Appeals for the Sixth Circuit stated, "[t]he district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision . . . . [A]ny prehearing discovery at the district court level should be limited to such procedural challenges." *Id.* at 619.

Where the administrator or fiduciary is given discretionary authority to determine eligibility for benefits, the administrator's or fiduciary's decision to deny benefits is reviewed by the court under an arbitrary and capricious standard. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *University Hosps. of Cleveland v. Emerson Elec. Co.,* 202 F.3d 839, 845 (6th Cir. 2000); *Peruzzi v. Summa Medical Plan,* 137 F.3d 431, 433 (6th Cir.

6

1998). Bias, conflicts of interest, and denial of due process on the part of the plan administrator are relevant factors for the court to consider in deciding whether the decision to deny plaintiff benefits was arbitrary and capricious. *See Bruch,* 489 U.S. at 115, 109 S.Ct. 948; *Peruzzi,* 137 F.3d at 433; *Killian.,* 152 F.3d at 521-2.

Where a plaintiff merely alleges a conflict of interest in cases where the insurance company both funds and administers the plan, often termed as an apparent structural conflict of interest, discovery may not be necessary because the courts already take notice of such a conflict of interest and give it due consideration when reviewing the denial or termination of ERISA benefits. *Killian,* 152 F.3d at 521-2 (holding a district court must weigh as a factor the actual conflict of interest which exists when administrator doubles as payor of disputed benefits). In contrast to a situation where there exists only a structural bias, *Bennett* describes the general circumstances in which consideration of such evidence would be appropriate:

> Where, however, an ERISA plaintiff comes forward with a reasonable basis to believe that this conflict of interest has solidified into conscious, concrete policies, procedures, and practices to promote the company's financial welfare at the expense of a full and fair evaluation of the plaintiff's claim for benefits, then the plaintiff should be allowed to conduct limited discovery to determine whether such policies, procedures, and practices do actually exist and, if so, to what extent they interfered with the fair review of the plaintiff's claim for benefits. This information would certainly be relevant to the Court when conducting its review of the decision to deny benefits.

*Bennett*, 321 F.Supp.2d at 932-3. In *Bennett,* the court selects a "middle of the road" approach, neither prohibiting nor permitting discovery in ERISA cases simply because the fiduciary holds dual, conflicting roles. *Id*. at 933. Good cause exists to permit the plaintiff to conduct appropriate discovery "where a claimant 1) identifies specific procedural challenges concerning a fiduciary's decision to deny or terminate ERISA benefits, and 2) makes an initial showing to the court that he

7

has a reasonable basis to make such procedural challenges." *Id.* According to *Bennett*, discovery is appropriate "that is strictly circumscribed to obtain potential evidence concerning the identified procedural challenges." *Id.*

After *Bennett*, two cases from the United States Court of Appeals for the Sixth Circuit acknowledged the exception allowing discovery in cases involving procedural challenges and recognized the importance of allowing discovery to enable the court to determine how much weight to accord a conflict of interest. *Calvert v. Firstar Finance Inc.*, 409 F.3d 286 (6th Cir. 2005); *Kalish v. Liberty Mutual*, 419 F.3d 501 (6th Cir. 2005). In *Calvert*, the Sixth Circuit held courts should take into account conflicts of interest when applying the arbitrary and capricious standard of review:

> The 'possible conflict of interest' inherent in this situation 'should be taken into account as a factor in determining whether [Liberty's] decision was arbitrary and capricious.'" *Id.* (quoting *Davis v. Kentucky Finance Cos. Retirement Plan,* 887 F.2d 689, 694 (6th Cir.1989), *cert. denied,* 495 U.S. 905, 110 S.Ct. 1924, 109 L.Ed.2d 288 (1990)); *see also Firestone Tire and Rubber Co.,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Darland,* 317 F.3d at 527-528; *Whitaker v. Hartford Life and Accident Insurance Co.,* 121 Fed. Appx. 86, 87 (6th Cir.2005) [FN1] (holding that a court is to factor an insurer's dual role into its review under the arbitrary and capricious standard, though the standard remains arbitrary and capricious). While several courts have altered the standard of review to something less deferential than the arbitrary and capricious standard where a benefits administrator is operating under a conflict of interest (*see e.g., Adams v. Thiokol Corp.,* 231 F.3d 837, 842 (11th Cir.2000)), this Court has not taken that approach. Instead, as noted, the standard remains unchanged and the conflict of interest is to be considered in *applying* that standard.

*Calvert*, 409 F.3d at 292-3. Further, the Sixth Circuit stated the court's analysis of the bias or conflict of interest which existed during the administration of the plaintiff's claim was hampered by plaintiff counsel's failure to seek recovery regarding the insurer's bias or conflict of interest:

> The Court would have a better feel for the weight to accord this conflict of interest if Calvert had explored the issue through discovery. While Calvert's counsel asserted that it was his understanding that discovery is never permissible in an ERISA action

> premised on a review of the administrative record, an exception to that rule exists where a plaintiff seeks to pursue a decision-maker's bias. *See e.g., Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 618 (6th Cir. 1998).

*Id.* at 293, n.2. Finally, in *Kalish*, in the absence of evidence which could have been gathered through discovery and referencing the above-quoted footnote in the *Calvert* decision, the Sixth Circuit was unable to conclude the defendant acted arbitrarily and capriciously in deciding to credit a consultant doctor's opinion over that of the plaintiff's treating physician. *Kalish*, 419 F.3d at 508.

### B. Review of the Magistrate Judge's Decision

In his Order, Judge Carter referenced his opinion in *Bennett*, which conducted a thorough review of the law in this Circuit regarding discovery in an ERISA case where a plaintiff seeks to recover benefits under 29 U.S.C. § 1132(a)(1). He concluded Plaintiff did identify a specific procedural challenge to Unum Defendants' administration of his claim and Plaintiff's interrogatories were targeted to obtain discovery about a particular procedural deficiency. Under Sixth Circuit ERISA precedent, Judge Carter correctly held Plaintiff's requested discovery was appropriate and should be permitted in the narrowly-tailored form set forth in his Order.

To the extent Plaintiff seeks evidence of a structural conflict of interest on the part of Unum Defendants, the administrative record itself discloses a conflict of interest: Unum Defendants both fund and administer the benefit plan at issue. Under *Killian*, Unum Defendants' dual role creates an actual conflict of interest because Unum Defendants benefit financially when it denies a claim for benefits. *Killian*, 152 F.3d at 521. Where an ERISA plan administrator operates under a conflict of interest and has discretion under the benefit plan to determine claims for benefits, the administrator's conflict of interest must be weighed as a factor in determining whether the administrator abused its discretion. *Bruch*, 489 U.S. at 115.

9

While discovery of evidence beyond the administrative record in this case may be unnecessary to establish Unum Defendants operated under a structural conflict of interest or for the Court to consider Unum Defendants' conflict of interest as a factor when reviewing the decision to deny Plaintiff's benefits, a second level of individual employee bias may exist to support Judge Carter's decision to allow further discovery. Especially in light of *Calvert* and *Kalish*, the Court finds Judge Carter properly recognized the need for complete discovery as specified in his Order. Plaintiff has identified a specific procedural challenge to Unum Defendants' decision to deny ERISA benefits, namely the existence of institutionalized policies and procedures in place, under which Unum Defendants act on the conflict of interest creating individual bias in the administration of claims: UnumProvident employees participate in UnumProvident Corporation's management incentive compensation program and in UnumProvident Corporation's performance recognition plan which are designed to protect profits. Further, Plaintiff made an initial showing of his reasonable basis to make this challenge by establishing some of the UnumProvident employees who participated in the administration of Plaintiff's claim participated in one or both of these employee incentive pay programs. Under current case law and Sixth Circuit precedent, Judge Carter properly found good cause to permit Plaintiff to conduct appropriate narrowly tailored discovery. Plaintiff's discovery requests, as approved by Judge Carter, are narrowly focused to achieve the goal of assisting this Court in "getting a better feel for the weight to afford the conflict of interest." *Calvert*, 409 F.3d at 293, n.2; *Kalish*, 419 F.3d at 508. Therefore, this Court does not find Judge Carter's decision contrary to controlling law.

Unum Defendants further claim Judge Carter's decision is clearly erroneous because it orders Unum Defendants to produce documents and information beyond Plaintiff's discovery requests.

However, the record reflects the discovery request permitted by Judge Carter is consistent with the discovery previously sought by Plaintiff. The plain language of the interrogatory and requests to produce seeks the individual performance criteria under which bonuses were paid and all documents reflecting or relating to awards, bonuses and incentives for any UnumProvident employee who handled or supervised the handling of Plaintiff's claim. Unum Defendants' concern that allowing such discovery is an invasion of the employees' privacy interests is without merit because the protective order issued in the case would cover such sensitive information.

In sum, Unum Defendants have failed to show Judge Carter's Order was clearly erroneous or contrary to law. The Court will neither modify nor set aside the decision.

## VI.     CONCLUSION

For the reasons stated above, the Court will **DENY** Unum Defendants' Appeal From and Objection to the Magistrate's Order Granting Plaintiff's Motion to Compel (Williamson Court File No. 38)(LaMarca Court File No.35).

An Order shall enter.

**/s/**
**CURTIS L. COLLIER, CHIEF**
**UNITED STATES DISTRICT JUDGE**

11

Case 1:04-cv-00162   Document 48   Filed 10/21/05   Page 11 of 11   PageID #: 149